[No. 5303.]

## J. J. HOPKINS v. A. L. ORCUTT.

COMPLAINT AND JUDGMENT.—If the complaint counts only on a balance due upon an open, a mutual, and current account, the plaintiff cannot recover a sum due on a special contract in relation to a matter not included in the mutual account.

APPEAL from the District Court, Eighth Judicial District, County of Humboldt.

The defendant appealed.   The other facts are stated in the opinion.

*Chamberlin & De Haven,* for the Appellant.

The theory upon which an action is maintained for the *balance of mutual accounts* is, that it was agreed that certain accounts should be set off, one against the other, and that the balance should be paid to the party in whose favor it was found.   This is the contract sued upon in this action, and the court finds such a contract, and that the balance due thereon to plaintiff is $49, but it finds that defendant

is indebted to plaintiff upon an independent contract, standing by itself, and which never formed part of the mutual accounts between the parties, and renders judgment therefor. This was error. (*Lewis* v. *Myers*, 3 Cal. 475.)

*S. M. Buck*, for the Respondent.

By the Court:

The action is to recover a balance alleged to be due on "a mutual, open or current account" for personal property sold and delivered by the plaintiff to the defendant. The court finds that in June, 1872, the plaintiff sold to the defendant certain improvements on public land for $1,000, of which there was paid the sum of $450 on the seventeenth of June, and it was then agreed that the defendant should have a credit of one year for the remainder; that subsequently there were mutual dealings and an open, running account between the parties with mutual credits and debits; that there was a settlement of these accounts in July, 1872, and again in December, 1874, at which all the dealings between the parties were adjusted and the balance ascertained, except the balance due for the improvements, which was not included in either settlement. On the last settlement there was ascertained to be a balance of $49 due to the plaintiff, which of course was exclusive of the balance due for the improvements, that item not having entered into the settlement. The court entered a judgment for the plaintiff, not only for the $49, but also for the $550, due for the improvements, with interest. But we are of opinion that the last item was not included in the cause of action stated in the complaint. The balance due for the improvements was under a special contract, and did not constitute an item in the mutual, open, running account, nor did the parties so treat it, under the complaint as framed. The plaintiff was not entitled to recover this item.

The judgment is therefore modified by reducing the same to the sum of $49, and as so modified is affirmed.